UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTHONY ALLEN BERNAL,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 1:19-cv-00400-DCN<br>Criminal No. 1:17-cr-00250-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

The Court has before it Petitioner Anthony Allen Bernal's ("Bernal") pro se Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 1). Bernal contends his counsel, at the time of his sentencing, did not properly account for his confinement in federal custody prior to his sentencing hearing, resulting in an improper sentence calculation. Dkt. 1. Bernal's desired outcome, if interpreted correctly, is additional credit for the time he served in federal custody prior to sentencing. For the reasons stated below, the Court finds Bernal has misfiled his Petition under 28 U.S.C. § 2255 and must instead file his petition under 28 U.S.C. § 2241. In addition, Bernal is required to file his § 2241 petition in the district where the petitioner is in custody. Because Bernal is in custody in California, this Court lacks jurisdiction to consider the merits of his § 2241 petition.

## II. BACKGROUND

On September 14, 2017, the Grand Jury indicted Bernal on one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *USA v. Bernal*, No. 1:17-cr-00250-DCN (Dkt. 1). On January 16, 2018, Bernal entered a guilty plea to Count One of the Indictment and the Forfeiture as contained in the Indictment. *Id*. at Dkt. 19. On October 4, 2018, the Court sentenced Bernal to seventy-six (76) months imprisonment. *Id*. at Dkt. 47. On October 15, 2019, Bernal filed the instant Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. *Id*. at Dkt. 48.

## III. LEGAL STANDARD

Generally, a motion under 28 U.S.C. § 2255 is the "exclusive remedy for a prisoner who seeks to challenge the legality of confinement." *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012) (citing *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006)). However, a claim challenging sentencing credit for time held in federal custody effecting a petitioner's total confinement time seeks review of the execution of a sentence, rather than review of the district court's imposition of the sentence under 28 U.S.C. § 2255. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) (holding "[r]eview of an execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241.") Additionally, a petition for writ of habeas corpus challenging the execution of a sentence pursuant to 28 U.S.C. § 2241 "must be filed in the district where the petitioner is confined." *Muth*, 676 F.3d at 818.

## IV. DISCUSSION

Bernal's petition suggests he was not given the appropriate credit for pre-sentence

time served in Federal Custody. Bernal contends his counsel was ineffective because she failed to properly calculate, and seek credit for, the time he served prior to sentencing. However, "[c]redit for time served is . . . a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b)." *United States v. Drake*, 49 F.3d 1438, 1440 (9th Cir. 1995). Further, an argument that a defendant is entitled to additional credit for time served constitutes a challenge to the execution of the sentence, rather than a challenge to the sentence itself. *Giddings*, 170 F.2d at 772. In such situations, a prisoner is required to petition for writ of habeas corpus under 28 U.S.C. § 2241. *Id*.

Moreover, a "petition under § 2241 must be addressed to the district court which has jurisdiction over [the petitioner] or his custodian." *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980). Because Bernal is confined at FCI Mendota in Fresno County, California, and not in Idaho, his § 2241 petition should be filed in the United States District Court for the Eastern District of California.

## IV. CONCLUSION

For the foregoing reasons, this court DISMISSES this matter without prejudice. Defendant, however, may attempt to re-file the action in the jurisdiction of his confinement.

## V. ORDER

The Court HEREBY ORDERS:

1. Bernal's motion under 28 U.S.C. § 2255 (Dkt. 1) is DISMISSED without prejudice to being re-filed as a petition pursuant to 28 U.S.C. § 2241 in the

district of Bernal's confinement[1];.

2. This case is closed.

DATED: January 30, 2020

_____
David C. Nye
Chief U.S. District Court Judge

---

[1] The Court expresses no opinion as to whether such petition will be successful.

MEMORANDUM DECISION AND ORDER - 4